Fahey, J.
This breach of contract action arises from an employment agreement between the parties. The plaintiff, Roger E. Weiss (Weiss) filed suit alleging: two separate violations of G.L.c. 93A (Counts I and II); breach of contract (Count III); intentional misrepresentation (Count IV); and negligent misrepresentation (Count V). On motion brought by the defendant under Mass.R.Civ.P. 56(c), summary judgment entered against the plaintiff on Counts I and II, and portions of Counts III, IV and V. The remaining portion of the plaintiffs breach of contract claim relating to payment of certain stock options was tried before a jury which returned a verdict in favor of the plaintiff and awarded $64,218.75 in damages. The remaining portions of the plaintiff s claims for negligent misrepresentation and intentional misrepresentation (Counts IV and V) resulted in defense verdicts.
The defendant, Augat Inc. (Augat), now moves for a new trial under Mass.R.Civ.P. 59(a) solely as to the jury finding and award of damages on the plaintiff s breach of contract claim on the grounds that this Court erred as a matter of law in ruling that an integrated employment contract existed between the parties. The defendant also moves to alter or amend the judgment on the grounds that the jury calculation of damages was incorrect based on the evidence presented at trial. Finally, Augat claims that the prejudgment interest on the damages award should not be calculated from the date of demand, but rather from both the date that the plaintiff attempted to exercise a portion of his stock options (July 11, 1995) and the date that the jury used to calculate the plaintiffs damages (December 11, 1996) for the remaining disputed options.
After a hearing, and for the reasons set forth below, the defendant’s Motion for a New Trial is denied. Defendant’s Motion to Alter or Amend Judgment Re: Remainder of Count III is also denied.
FACTS
In his surviving breach of contract claim, Weiss alleged that Augat breached the terms of a written employment contract between himself and Augat. Specifically, Weiss alleged that Augat violated a provision in a letter dated April 27, 1992 which, on its face, unconditionally granted him options to purchase 5000 shares of Augat stock for a grant price of $10.875 per share upon commencement of employment with Augat. Weiss claimed that the April 27, 1992 letter constituted an employment contract which Augat breached when it refused to allow him to exercise the stock options to which he became entitled after commencing employment with Augat as Vice President of Engineering and Development, Interconnection Products Division on June 15, 1992.
Shortly after Weiss commenced his employment with Augat, Augat presented him with a stock option plan which, according to Weiss, unilaterally placed various conditions, including a vesting schedule, on his unrestricted right to exercise stock options on 5000 shares of Augat stock. Under the plan’s vesting schedule, Weiss was only entitled to stock options on 2,500 of the 5000 shares he claimed he was'entitled to under the terms of the April 27, 1992 agreement.[1]
During his employment at Augat, Weiss successfully exercised options for 1250 of the 5000 shares of Augat stock to which he claimed to be entitled under the terms of the April 27, 1992 letter. Weiss’ job was eliminated by Augat and he stopped working there on February 10, 1994. Thereafter, Weiss received from Augat a one-year wage continuation as per his employment agreement, the letter dated April 27, 1992. On July 11, 1995, Weiss sought to exercise options for an additional 1250 shares of Augat stock, but was not allowed to do so. On September 15, 1995, Weiss sent a G.L.c. 93A demand letter to Augat seeking to exercise the remaining options he claimed to possess on 3,750 shares of Augat stock. In response to Weiss’ demand letter, which Augat received on September 18, 1995, Augat réfused to recognize Weiss’ claim for additional options to purchase 3750 shares of Augat stock. Augat claimed that Weiss was only entitled to receive options to purchase Augat stock under the terms of the company’s stock-option plan. Augat determined that, under the plan, Weiss’ rights had lapsed and he was not entitled to the options he claimed to possess under the terms of the April 27, 1992 letter.
Prior to trial, Weiss filed a motion in limine seeking a ruling that the April 27, 1992 letter, signed by Augat, constituted a complete and integrated employment contract between the parties. This Court allowed the plaintiff s motion in limine.
On April 9-10,2000, Weiss’ breach of contract claim was tried before a jury. In accordance with the Court’s ruling that the April 27, 1992 letter constituted an integrated employment contract, the juiy was instructed that the parties had a contract and that the terms of the contract were set forth in the letter of April 27, 1992. Parole evidence relating to the terms of the contract was barred at trial. The jury found that Augat breached the contract provision granting Weiss unrestricted options to purchase Augat stock and awarded damages in the amount of $64,218.75. Although the jury did not state the date on which the breach occurred, the jury’s damages award supports the inference that the jury calculated damages by valuing Weiss’ stock options as of December 12, 1996.[2] The Norfolk County Clerk then calculated prejudgment interest on the jury award from September 18, 1995— *126 the date that Augat received Weiss’ G.L.c. 93A demand letter seeking to exercise options with respect to 3750 shares of Augat stock.
The defendant now seeks a new trial on the grounds that: 1) the Court’s ruling that the April 27, 1992 letter was an integrated employment contract was an error of law; 2) the exclusion of parole evidence relating to the agreement between the parties was, similarly, legal error; 3) the jury instruction establishing that the April 27, 1992 letter was a contract was improper; and 4) the jury verdict as to damages was contrary to the uncontroverted evidence at trial. The defendant also requests that this Court alter or amend the judgment based on the uncontroverted evidence presented at trial that Weiss sought to exercise options for 1250 shares of stock on July 11, 1995.
The defendant also argues that, as with the jury’s damages award, prejudgment interest in this case should be recalculated to comport with the uncontroverted evidence presented at trial. Augat argues that, prejudgment interest with respect to Weiss’ options to purchase 1250 shares of stock should run from July 11, 1995 — the date Weiss actually attempted to exercise options for those shares of stock. In addition, Augat argues that prejudgment interest with respect to Weiss’ options to purchase the remaining 2500 shares should be calculated from December 11, 1996 — the date the jury used to calculate the damages in this case.
Weiss contends that prejudgment interest in this case is governed under G.L.c. 231, §6C. Weiss argues that, under this statute, the date of demand is the appropriate date from which to calculate prejudgment interest in this case. Thus, Weiss claims that because he made a demand which Augat received on September 18, 1995, that date is appropriate for purposes of calculating prejudgment interest.
DISCUSSION
1. Motion for New Trial
The decision to grant or deny a motion for a new trial rests with the trial judge. Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520 (cert. denied, 493 U.S. 894 (1989). The standard that a trial judge is to apply is “whether the verdict is so markedly against the weight of evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons, failed to come to a reasonable conclusion.” W. Oliver Tripp v. American Hoechst Corp., 34 Mass.App.Ct. 744, 748 (1993). In addition, any error of law, if prejudicial, can constitute grounds for granting a new trial. Steele v. Kelley, 46 Mass.App.Ct. 712, 728-29 (1999). Where a case has been tried before a jury, Mass.R.Civ.P. 59 provides the trial judge with the discretion to order a new trial “to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofor been granted in actions at law in the courts of the Commonwealth.” Mass.R.Civ.P. 59(a), 365 Mass. 814 (1974).
Augat argues that a new trial is warranted because this Court committed an error of law in ruling that the April 27, 1992 letter constituted a complete and integrated employment agreement and that the Court’s error of law was prejudicial to its case. Accordingly, Augat contends that the Court’s invocation of the parole evidence rule to exclude oral testimony relating to the terms of the employment contract was also legal error that prejudiced its case. Finally, Augat argues that the Court’s ruling improperly decided a material factual issue, particularly in light of the plaintiffs testimony at trial that the April 27, 1992 letter constituted a summary of the actual contract agreement.
In support of its contention that the April 27, 1992 letter was not an integrated employment agreement, Augat asserts that the absence of any mention of vesting terms, Internal Revenue Service classification of the stock options, time period for exercising the options as well as provisions relating to work hours supports its conclusion that the April 27, 1992 letter was ambiguous and, thus, was not an integrated employment agreement. I find the defendant’s arguments to be unpersuasive. The oral argument on the plaintiffs motion in limine as well as my review of the cited case law supports the conclusion that the April 27, 1992 letter was a complete and integrated contract agreement between the parties. In addition, the letter itself contained all of the material terms necessary to form a binding contract and it is authored by and signed by Augat. Moreover, the letter itself makes no mention that it is only a summary of the employment agreement. On its face, the letter is clear and unambiguous. Therefore, this Court declines to reverse its prior ruling that the April 27, 1992 letter constitutes an integrated employment contract between the parties. Accordingly, parole evidence as to the contract terms was properly excluded from evidence and the jury was properly instructed.
In further support of its motion for a new trial, Augat claims that the jury committed error in calculating the damages in this case. Augat contends that the judgment should be amended to comport with the uncontroverted evidence that Weiss attempted to exercise his options on 1250 shares of Augat stock on July 11, 1995. Augat argues that the jury should have valued 1250 shares of Augat stock as of July 11, 1995 — the date Weiss attempted exercise those options. On July 11, 1995, Augat’s stock was valued lower, $21,625 per share, than it was on September 18, 1995, when its value reached $28.00 per share. According to Augat, recalculation of the damages at this reduced stock valuation decreases Weiss’ damages from $64,218.75 to $56,250.00.
Based on the evidence admitted at the trial, the jury could reasonably have found that Weiss would not have attempted to exercise his options on 1250 shares *127 but for his suspicion that Augat was breaching the contract term granting him unrestricted options to purchase a total of 5000 shares of Augat stock. Thus, upon considering the evidence presented at trial, the jury was free to conclude that Weiss would have exercised all of his remaining options on 3750 shares of Augat stock on December 11, 1996. Therefore, I decline to grant a new trial on the grounds that the jury’s calculation of damages does not comport with the evidence presented at trial.
2. Motion to Alter or Amend Judgment
A trial judge retains the discretion to alter or amend a jury’s judgment. Mass.R.Civ.P. 59(e); 365 Mass. 828 (1974). The primary purpose of a Rule 59(e) motion to alter or amend is". . . to correct judgments which are erroneous because they lack legal or factual justification." Pentucket Manor Hosp. Inc. v. Rate Setting Comm’n, 394 Mass. 233, 237 (1985).
In support of its motion to alter or amend the judgment, Augat reasserts its claim that the jury committed error because the judgment does not comport with the uncontroverted evidence that Weiss attempted to exercise his options on 1250 shares of Augat stock on July 11, 1995. Augat urges this Court to reduce the jury award from $64,218.75 to $56,250.00 to reflect the fact that Weiss attempted to exercise options to purchase 1250 shares of Augat stock on July 11,1995 when the stock was valued at $21,625 per share.
As discussed above, the jury in this case was entitled to determine damages based on the value of Augat stock as of December 11, 1996. Therefore, I decline to alter or amend the jury’s award of damages to the plaintiff in the amount of $64,218.75.
3. Calculation of Prejudgment Interest
General Law c. 231, §6C, in pertinent part, states: “In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of court to the amount of damages . . . from the date of breach or demand. If the date of breach or demand is not established, interest shall be added . . . from the date of the commencement of the action.” The purpose of awarding prejudgment interest is to compensate a party for the loss of the use of his money in order to make the party whole. Perkins School for the Blind v. Rate Setting Commission, 383 Mass. 825, 836 (1981).
In its Motion to Alter or Amend the Judgment in this case, Augat contends that calculating prejudgment interest from the date of demand, September 18, 1995, is improper on the grounds that such a calculation does not comport with the evidence presented at trial or the jury’s actual calculation of damages. Augat claims that because Weiss attempted to exercise options on 1250 shares of stock on July 11, 1995, the prejudgment interest on those shares should, accordingly, be calculated from July 11, 1995. In addition, Augat argues that prejudgment interest on the remaining options to purchase 2500 shares should be calculated from December 11, 1996 — the date the parties agree that the jury used to value Weiss’ stock options and thus, calculate the damages in this case.
As previously noted, based on the evidence presented at trial, the jury in this case was free to find that, for purposes of calculating damages, Weiss would have exercised his options for all 3750 shares of his Augat stock on December 11, 1996. Furthermore, the jury was free to conclude that Weiss attempted to exercise options on July 11, 1995 only because, by then, he had strong indications that Augat intended to breach the unrestricted stock option provision in the April 27, 1992 employment agreement.
Again, prejudgment interest in contract actions is to be calculated from the date of “breach or demand.” G.L.c. 231, §6C. In Sargeant v. Commissioner of Public Welfare, 383 Mass. 808 (1981), the Supreme Judicial Court held that where the record establishes the date of demand in a contract action, pre-judgment interest should be awarded from that date. Id. at 822. The Court reasoned that “it is in the nature of some contracts that it is the demand that establishes the time of breach.” Id. The Supreme Judicial Court awarded interest from November 23, 1966, the date of the first demand for payments, notwithstanding that the payments were prospective for nursing services provided from November 1966 through at least 1975. Similarly, in Steranko v. Inforex, Inc., 8 Mass.App.Ct. 523 (1979), the Appeals Court determined that interest should be awarded from the date of written demand, January 5, 1972, notwithstanding that when the plaintiff ultimately received the stock in 1977, it had increased significantly in value. Id. at 532-35. This Court must follow the statute and these precedents notwithstanding that it seems somewhat inconsistent with the concept that the plaintiff is not to be made more than whole.
In this case, the jury could well have found on the evidence that the defendant, Augat, breached its contract with Weiss both on July 11, 1995 and again on September 18, 1995. Weiss sent a demand letter under G.L.c. 93A to Augat on September 15, 1995, again seeking to exercise his options on 3750 shares of Augat stock. The letter was received by Augat on September 18, 1995. Thus, G.L.c. 23,1, §6C, as well as relevant caselaw, dictates that prejudgment interest be calculated from September 18, 1995, the date of demand established in the record, as well as a date after Augat’s July 11, 1995 repudiation of the contract. Thus, this Court declines to adjust the date from which prejudgment interest is to be awarded in this case.
ORDER
Based on the foregoing, it is hereby ORDERED that the defendant’s Motion for a New Trial be DENIED. It is further ORDERED that the defendant’s Motion to *128 Alter or Amend the Judgement is also DENIED. It is also ORDERED that the defendant’s Request to Adjust Prejudgment Interest be DENIED.

Augat argues that, because Weiss’ last day for purposes of employment was February 11, 1995, the maximum number of shares that vested under the stock option plan was 2.500 shares.

Both counsel agreed at the hearing on the post-trial motions, and this Court accepts, that the dollar value of damages found by the jury was reached by multiplying the value of Augat stock on December 12, 1996 by the number of stock options (3750) less the option grant price of $10,875 per share.